MERLE, DEMANDANTE Y APELADO, v. RAMOS ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre reivindicación.

No. 2535.—Resuelto en julio 27, 1922.

REIVINDICACIÓN — PRUEBA DEL TÍTULO A LA FINCA RECLAMADA — ESCRITURA DE VENTA HECHA EN SUBASTA PÚBLICA — SUCESIÓN DESCONOCIDA — EMPLAZAMIENTO—JURISDICCIÓN DE LA CORTE.—La escritura de venta otorgada por un marshal de una corte municipal a favor de un demandante en una acción reivindicatoria, en unión del acta de subasta y orden de ejecución en cumplimiento de sentencia contra una sucesión desconocida, en cuyos documentos no se inserta la sentencia ni aparece el emplazamiento hecho a los herederos desconocidos, como tampoco la sentencia recaída, no constituyen prueba suficiente del título del demandante, por no constar de ellos o probarse de otro modo, que fueron debidamente citados los herederos desconocidos para que resulte la jurisdicción de la corte toda vez que al actor incumbe la prueba de su título y no existen presunciones en favor de las sentencias de las cortes municipales.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. F. González y C. Travecier.*

Abogado del apelado: *Sr. F. Cervoni.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Esta apelación ha sido establecida por los demandados contra sentencia que declaró con lugar la demanda de reivindicación de una finca rústica de veinte cuerdas de terreno. Alegó el demandante que compró esa finca en subasta en la

Corte Municipal de Yabucoa el 3 de octubre de 1919. Contestó el demandado Gumersindo Ramos que de esa finca compró catorce cuerdas de terreno a Domingo Ruiz en 1916, y la otra demandada Emilia Pedragón que compró seis cuerdas también a Domingo Ruiz en 1914.

Para probar el demandante su título a la finca de veinte cuerdas presentó una escritura de venta que le otorgó el marshal de la Corte Municipal de Yabucoa el 29 de octubre de 1919 de la que resulta que como consecuencia de la demanda establecida el 5 de junio de 1919 en dicha corte municipal por Francisco Ocasio contra la sucesión desconocida de Domingo Ruiz y de la sentencia en él dictada embargó y vendió la finca de veinte cuerdas a José Gregorio Merle para responder de $400 de capital y $50 para costas. También presentó el acta de la subasta y la orden de ejecución que fué librada al marshal para cumplir la sentencia que fué dictada el 31 de julio de 1919 a favor de Francisco Ocasio en pleito contra los herederos desconocidos de Domingo Ruiz. No se inserta la sentencia diciéndose solamente que fué dictada.

Se opusieron los demandados a la admisión de esos documentos como título del demandante por no aparecer en ellos el emplazamiento de los herederos desconocidos de Domingo Ruiz ni la sentencia recaída en dicho pleito, pero la corte los admitió y habiendo hecho constar su objeción los demandados alegan ahora en este recurso que tal admisión fué error de la corte porque esos documentos no prueban el título del demandante y que habiendo presentado Ocasio su demanda el 5 de junio de 1919 contra los herederos desconocidos de Domingo Ruiz, que por ser desconocidos debieron ser citados por edictos cuando aparece dictada la sentencia en 31 de julio de 1919 no había transcurrido el término que tenían para contestar la demanda. No consta si los demandados comparecieron ni si la sentencia se dictó en su rebeldía.

Como al actor incumbe la prueba de su acción examinaremos si los documentos presentados por el demandante en este caso prueban su título a la finca de veinte cuerdas contra sus demandados.

Para que los documentos presentados por el demandante fueran prueba en este caso de su título a la finca contra los demandados debía resultar de ellos, o probarse de otro modo, que los herederos desconocidos de Domingo Ruiz, cuyos bienes fueron vendidos a José Gregorio Merle, fueron debidamente citados para que resulte la jurisdicción con que la corte municipal dictó sentencia contra ellos y ordenó la venta de sus bienes.   Así lo hemos declarado en el caso de *Vázquez v. El Registrador,* 19 D. P. R. 1133 en el que dijimos lo siguiente:

"Aunque el recurso que ahora consideramos no es un caso en el que conste que se ha dictado sentencia en rebeldía, no existe, sin embargo, prueba alguna de cómo adquirió jurisdicción la corte municipal para dictar sentencia contra los demandados, ni contiene la escritura la copia de la sentencia, así como tampoco algo que muestre que se ha celebrado un juicio o que los demandados se hayan sometido a la jurisdicción de la corte.   No existen presunciones en favor de las sentencias de las cortes municipales por no ser éstas cortes de registro.   *Galpin* v. *Page,* 98 Wallace, 365, 366; *Hahn* v. *Kelly,* 34 Cal., 391; 94 Am. Dec., 742; *McDonald* v. *Prescott,* 90 Am. Dec., 517, 519.   Cuando la sentencia se obtiene en una corte de jurisdicción limitada, y como en este caso, se trata de adquirir un título contra todo el mundo, la persona que solicita la inscripción de su título tendrá la obligación de probar no solamente la venta verificada en pública subasta, sino también la facultad que tenía el marshal para llevar a cabo dicha venta.   Esa prueba, tratándose de una corte municipal no resulta de la mera presentación de la orden de ejecución, ni siquiera de la sentencia misma, sino que deberá probarse asimismo la jurisdicción que tenía la corte para dictar dicha sentencia.   En otras palabras, en el caso concreto sometido a nuestra consideración debe probarse que la corte adquirió jurisdicción sobre las personas de los demandados."

También en el caso de *Poupart* contra *Recourt,* 25 D. P. R. 715, hemos dicho:

"Se ha establecido perfectamente que la sentencia de una corte municipal, no siendo ésta de record, no lleva consigo presunción alguna de jurisdicción y por tanto, aún cuando se ataque colateralmente una sentencia, le corresponde a la persona que deriva su reclamación de la misma demostrar la jurisdicción de una corte que no es de record, como la corte municipal en este caso. *Galpin* v. *Page,* 98 Wall 365; *Grignon* v. *Astor,* 2 Hov. 319; *Vázquez* v. *El Registrador,* 19 D. P. R. 1133, y casos citados; 11 Cyc. 693. Si de la sentencia no aparece la jurisdicción, puede probarse *aliunde.*"

No habiendo probado el demandante su título a la finca que reclama debe ser revocada la sentencia apelada.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociado Hutchison.

Los Jueces Asociados Sres. Wolf y Franco Soto no intervinieron en la resolución de este caso.